The Honorable Jimmie Lou Fisher Lumpkin State Treasurer 220 State Capitol Little Rock, Arkansas 72201
Dear Ms. Lumpkin:
This is in response to your request for an opinion concerning a policy of your office which provides that only in-state banks are permitted to act as custodian banks for the safekeeping of collateral pledged by depository banks to secure the deposit of state treasury funds.
Specifically, you note that the "Treasury Management Law" establishes the State Board of Finance and names the State Treasurer as secretary and executive officer of the board. Other members are the Governor, Auditor, Director of the Department of Finance and Administration, and the Bank Commissioner. That law prohibits the deposit of any state treasury funds in banks located outside the State of Arkansas. Beginning in 1986, the State Board of Finance began requiring all deposit and investment of state treasury funds invested at the direction of the board to be collateralized. This collateralization is in many instances achieved by a series of agreements under which the depository bank has a third party "custodian" bank accept custody of the collateral (usually securities) for the state deposits. Seegenerally, Opinion No. 89-128, a copy of which is enclosed. Your question is whether we foresee any problems, under state or federal law, with the Treasurer's policy of allowing only in-state banks to act as custodian banks.
It is my opinion that the "policy" you describe is not legally objectionable as a substantive matter, as we do not find it inconsistent with existing law or contrary to any constitutional provision, but to be properly adopted and implemented, at least with respect to all funds other than trust funds deposited in certificates of deposit, it should be adopted as a rule or regulation of the State Board of Finance pursuant to A.C.A. '19-3-101 (b)(2), and according to the provisions of the Administrative Procedures Act, A.C.A. '25-15-201 et seq.
The Arkansas Code provides at A.C.A. '19-3-208 that "[t]he State Treasurer may not deposit any State Treasury funds in banks located outside Arkansas unless . . . required . . . by other law . . . or resolution." This statute does not precisely govern securities or funds pledged as collateral by depository banks. We can find no provision of Arkansas law that would require, as a matter of statutory law, that such collateral be held only by in-state banks. In fact, the Treasury Management Law does not contain any general provisions governing the collateralization of state funds. See contra, A.C.A. '19-8-107 (d) (Supp. 1989) as to counties. This requirment, you note, was begun by the Board of Finance in 1986. It is thus difficult to conclude that a policy requiring in-state custodian banks is contrary to any state law. The subject is simply not addressed by state law. Thus, as long as the policy is necessary or desirable to carry out the functions of the State Board of Finance, not inconsistent with existing law, or unconstitutional, the Board would have the authority to adopt a rule or regulation requiring only in-state custodian banks.
It is my opinion that the State Board of Finance would have such authority, because we do not find the policy contrary to any existing law and cannot conceive of a plausible constitutional argument against it. But it is my opinion that the State Treasurer alone does not have the authority to adopt a policy of this nature. The Treasurer is given no independent rule-making authority under law. She is but one member of the Board of Finance. See e.g. Kansas Attorney General Opinion No. 80-18. Although the State Treasurer is the custodian of state treasury funds and in many instances is charged with their safekeeping, (see A.C.A. '19-3-207 (a)(2) and '19-3-206), in my opinion, the duties performed by the State Treasurer as executive officer and secretary of the board are not sufficient to enable her to adopt a working policy governing the pledging of collateral for all types of state funds. This type of policy or rule is, in my opinion, a matter for the board as a whole.
The exception is for trust funds deposited in certificates of deposits. The statutes clearly provide that such certificates "shall be secured to such extent and in such manner as may be provided by law and otherwise as the State Treasurer shall require." A.C.A. '19-3-219 (a)(2)(B)(iii). With regard to the securing of these funds, therefore, it is my opinion that the State Treasurer alone may require in-state custodian banks to hold the collateral.
Thus, in response to your question, we do not foresee any cognizable legal problems with a policy of only allowing in-state custodian banks, but suggest that such a policy be formalized through the rule-making authority of the State Board of Finance.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb